UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-cr-00006-TBR

UNITED STATES OF AMERICA                                                                           PLAINTIFF

v.

DAVID A. BATES                                                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon David Bates' ("Bates") Motion for Compassionate Release. [DN 68.] The government has responded. [DN 72.] As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Bates' Motion for Compassionate Release [DN 68] is **DENIED**.

**I. Background**

Bates pled guilty to two counts of False Statement/Representation and False Entry into the Acquisition and Disposition Book, two counts of Aiding and Abetting False Statement/Representation and False Entry into the Acquisition and Disposition Book, one count of Aiding and Abetting Distribution of a Quantity of Oxycodone, and one count of Receipt and Possession of Three Firearms with no Manufacturer Markings, Serial Number, and Not Registered in the National Firearms Registration and Transfer Record. [DN 64.] Bates was sentenced to 12 months and 1-day imprisonment. [*Id.*]

**II. Legal Standard**

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

> or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "Under the [First Step Act], courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Logan*, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020).

When determining whether to grant compassionate release, courts must analyze the following factors: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 § U.S.C. § 3553(a). *United States v. Marshall*, No. 3:16-cr-00004-JHM, 2020 WL 114437, * 1 (W.D. Ky. Jan 9, 2020) (citing 18 U.S.C. 3582(c)(1)(A)).

First, the Court must determine whether extraordinary and compelling reasons justify a sentence reduction. Congress has not defined what constitutes an "extraordinary and compelling" reason; however, it has charged the Sentencing Commission with "describing what should be considered extraordinary and compelling reasons for sentence reductions, including the criteria to be applied and a list of specific examples." *United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *4 (E.D. Va. Feb. 10, 2020) (quoting 29 U.S.C. § 994(t)). The Sentencing Commission commentary provides that extraordinary and compelling reasons may exist due to the defendant's medical condition:

> A) Medical Condition of the Defendant.
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples

>   include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>   (ii) The defendant is-
>
>   >   (I) suffering from a serious physical or medical condition,
>   >   (II) suffering from a serious functional or cognitive impairment, or
>   >   (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13.

### III. Discussion

### A. Exhaustion of Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, —— F.Supp.3d ——, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marhsall,* No. 3:16CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Bates has exhausted his remedies. Bates' attorney sent a letter requesting Bates be released on March 31, 2020. Since then, no response has been given. More than thirty days have lapsed and therefore, Bates has properly exhausted his remedies.

### B. Extraordinary and Compelling Reasons

Bates states his chronic health issues such as heart disease, diabetes and a degenerative back condition are extraordinary and compelling reasons for his release. He argues in light of the

current COVID-19 pandemic, he should be released as he is especially susceptible to the virus. According to the Centers for Disease Control, those with heart conditions and diabetes are at a greater risk for contracting severe issues from COVID-19.[1] Bates does not argue the facility he is currently being housed cannot manage his heart disease or his diabetes. He argues the medications the facility provides him for his back condition are inadequate and his condition is worsening.

Bates does not provide any evidence that the prison is not currently taking measures to reduce the risk of contracting the virus. However, the government has provided an extensive list of measures the facility is taking. Those steps include:

> "all incoming inmates are screened, and staff are regularly screened; contractor visits are limited to essential services, while nearly all attorney, social, and volunteer visits have been suspended; inmate movements between facilities have been extremely limited; and institutions are taking additional steps to modify operations to maximize social distancing. The Bureau has taken further steps as events require, including confining all inmates to their living quarters for a fourteen-day period beginning on April 1, 2020, in order to mitigate any spread of the disease."

[DN 72 at 5.] The government also stated no staff or inmate has tested positive for the virus at the FCI Ashland facility. The Court finds that the combination of the steps the facility is taking and the fact that there are currently no positive cases, sufficiently reduces Bates' risk of contracting the virus. The degenerative back condition Bates suffers from is not enough to warrant release. Therefore, Bates is not eligible for compassionate release.

## C.  18 U.S.C. §3553(a) Factors

Bates has not met his burden to be eligible for release. Nonetheless, the Court will briefly address the 18 U.S.C. § 3553(a) sentencing factors. Bates was convicted of serious and dangerous crimes even though they were not violent in nature. If the Court granted Bates' request for release

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fspecific-groups%2Fhigh-risk-complications.html

after serving only a short period of his sentence, it would not reflect the seriousness of these crimes. The § 3553(a) factors do not justify an early release.

### IV.     Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Bates' Motion for Release [DN 68] is **DENIED**.

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

June 23, 2020

cc: counsel